ORLEANS,
*July,*
1829.

ZERAH BEBEE *vs.* JAMES STEEL.

That the Supreme Court only considers the questions that appear by the exceptions to have been decided by the county court.

That *trespass* is the proper action where there is an arrest on a legal process, but made by a person not legally authorized to serve the same.

That the defendant is not entitled to a reversal of the judgment for the neglect of the county court to charge as by him requested, when a correct charge upon the point would have been against the defendant.

It is not error for the county court to permit plaintiff's counsel, in his closing argument, to advert to a copy of a writ, put in by him as evidence after the original had been read to the jury.

This was an action of *trespass* and *false imprisonment*. The defendant pleaded the *general issue* and a special plea justifying under a writ of attachment in favor of the defendant against the plaintiff and one *House*, served by one *James Corey*, by virtue of a deputation to him from the justice who signed the writ. The plaintiff traversed this plea, and both issues were joined to the jury, who returned a verdict for the plaintiff; and the cause was brought up to this Court on exceptions allowed on said trial. It appears by these exceptions, that the plaintiff introduced testimony, tending to prove the trespass complained of. Also, that the defendant introduced testimony tending to prove that the arrest and imprisonment were by virtue of a writ and deputation, as alleged in his plea, which original writ was read to the jury ; also, a copy of it was referred to in argument, as will be noticed hereafter. The plaintiff then introduced testimony tending to show, that the defendant and said *Corey* arrested him under pretence of said writ, when said *Corey's* name was not in the deputation ; that, while he was holden a prisoner by them, he refused to go back, as they termed it, towards *Corey's* house, but consented to ride a horse they had with them, and be fastened upon him so that he could not escape, provided they would go the other way towards *Derby ;* to which they agreed ; and he mounted the horse, and they bound him on, and went towards *Derby* a few rods, when the defendant said they had gone far enough that way, and they turned about and went to *Corey's* ; that on their way, the plaintiff wished to stop at one *Cargill's*, and the defendant went in before him and advised *Cargill* not to be bail for the plaintiff, saying, if he did, he might have the debt to pay ; that *Cargill* was requested to give bail for the plaintiff, and refused, and would have so refused, if the defendant had not advised him on the subject. The exceptions show, that the defendant's counsel requested the court to instruct the jury, that this advice of the defendant to *Cargill*, not to become bail for the

plaintiff, should not be considered by them as a ground of aggra-
vating the damages, because it had no effect to prevent his becom-
ing bail ; that the court gave no instructions upon the subject.—
The defendant's counsel excepted to this neglect to charge, also
to the court's suffering the plaintiff's counsel, in his closing argu-
ment, to comment upon the copy of the writ and deputation, the
original of which had been read by the defendant.

<br>Bebee<br>vs.<br>Steel.

*Argument in support of the exceptions.*—1. The evidence did not
entitle the plaintiff to maintain this action : for, if the blank depu-
tation in the justice's writ was filled up without the knowledge of
the justice, the process was not void, but only voidable by plea
in abatement. And if the proces was not void, but only voidable,
trespass will not lie.

2. The copy of the writ issued by the justice was inadmissible
as evidence in said cause. Because it was not a copy of any re-
cord, the writ never having been returned and entered. The ori-
ginal had been used in evidence before the copy was offered to
the jury ; and hence, the copy was inadmissible.

3. The court should have charged the jury as requested by
defendant. The advice from defendant to *Cargill* should not be
taken into consideration of a jury to aggravate the damages.
The court should have charged in some manner, on the point
desired by defendant. 2 *Chip. Rep.* 135.—*Washburn* vs. *Tracy*,
2 *Cranch*, 239.—4 *do.* 70, 71.

*Argument against the exceptions.*—Exceptions are not to be
taken to any order made in a cause preparatory for trial : as an
order for amending a declaration, or any proceedings which rest
in the discretion of the court. *Haynes et ux.* vs. *Morgan*, 3
*Mass.* 208.

*Exception as to using the copy of the writ.*—*First.* When a
paper is put into a case, in the manner and of the description named,
it is not necessary that it should be read at length to the jury ; and the
parties can comment as they please at any stage of the argument. As
in case of a deed ; the party producing it states in substance the con-
tents. *Second.* The copy of a writ properly certified by the ma-
gistrate issuing the same is the legal evidence expressly so made
by the law of the land. The defendant had recourse to this same
copy, and made use of it on a former trial, without being under
the least obligation to produce the original : it was, there-
fore, proper to be used by plaintiff. There is a distinction
to be taken in this case ; for the rule that the original is
the best evidence does not apply. The copy properly certified
carries proof of its authenticity on the face of it : whereas, if the ori-

ORLEANS,
July,
1829.

Bebee
vs.
Steel

ginal be produced in evidence, its genuineness must be proved by witnesses, who can swear only to their belief, that the signature is what it purports to be. It is matter of favour to let in the original records, as evidence, and is done by motion to the court and leave first obtained for that purpose.

Exception as to the neglect to charge.—This point involves no particular and material question of law : therefore, it was not error for the court to neglect to direct the jury in relation thereto. *Mack et al.* vs. *Snider*, 1 *Aik. Rep.* 104.

HUTCHINSON, J. delivered the opinion of the Court.—This appears to be an action of *trespass* and *false imprisonment ;* to which the defendant has pleaded the *general issue* and a special justification, that the imprisonment was by virtue of a writ of attachment, with a deputation to one *Corey.* This plea is traversed. These issues, it seems, went to the jury ; and exceptions were taken to the neglect to charge, as requested by the defendant, and to one decision of the court.

An exception was taken to the court's refusing to allow the defendant to withdraw the *general issue*, after the jury were empannelled, and before any testimony was given them. This exception is not now urged. If it were, it was a matter of discretion with the court to allow it, or not, under the circumstances. If asked for before the jury were impannelled, it would generally be granted of course : if afterwards, it might be deemed inexpedient ; as it would vary the course of presenting the testimony calculated by the plaintiff. At any rate, the allowance or disallowance of such a motion cannot be assigned for error.

A new exception is now urged in argument ; that the testimony in the case will not support *trespass*, but only *case.* This is started out of time. The county court were not called upon to decide it, and made no decision upon it. We are now revising the decisions of the county court, on the exceptions taken at the trial, and brought up here by motion under the late statute, just as we should if brought here by a writ of error. And this question, not being raised there, is not before this Court. But, if the question were regularly before us, we can entertain no doubt but that the jury were warranted, from the testimony detailed in the exceptions, to find, that this arrest was made by the defendant and *Corey*, when *Corey's* name was not in the deputation. If they so found the fact, the action must be *trespass*, if any thing.

The exception about the copy of the writ is raised in this wise. The defendant, on a former trial of this cause, had used a copy of this writ in evidence, which remained with the files. At this trial, the plain-

ORLEANS,
July,
1829.

Bebee
vs.
Steel.

tiff had procured the original writ from the justice, and had it in court. The defendant gave the plaintiff notice to produce it. He refused unless he could have the copy. On finding the copy in the files, he delivered the original to the defendant, and it was read to the jury. The plaintiff's counsel then said, he put the copy in, also, as evidence ; but did not then read it. This copy had no name in the deputation but that of *Corey*, while the original exhibited several names, so erased, that it was not easy to decide which was intended to remain as the name of the person deputised. In the closing argument the plaintiff's counsel proceeded to remark upon the copy in connection with the original. This was objected to, because it had not before been read. But the court permitted it, considering it as put in at the beginning without objection.

We consider there was no error in this decision. There was no need of the plaintiff's reading the copy when its original had just been read. Saying he put it in as evidence, and placing it with the other paper evidence, was sufficient. Besides, it is difficult to discover how the defendant could be injured by its use ; since it tended to prove that *Corey's* name was the one considered by the justice, at the time he made the copy, as the name that he knew was correctly there.

The remaining exception relates to the court's neglect to charge the jury, that the defendant's advising *Cargill* not to give bail for the plaintiff, should have no effect to aggravate the damages. It seems the court were requested so to charge, but gave no charge upon the subject. This neglect was error ; but not of the kind the defendant complains of. The court should have instructed the jury, that, if they believed that testimony, it tended to show that feeling of heart in the defendant, that determination to crowd the plaintiff to the settlement afterwards made, which could not be effected by lawful measures, which ought to be considered by them in assessing damages. If it had not the desired effect upon *Cargill*, it showed a malicious spirit in the defendant. Probably a correct charge upon this point would have doubled the damages. But the plaintiff does not complain of this error, and the defendant cannot avail himself of it.

The judgment of the county court is affirmed.

*Mattocks* and *Starkweather*, for plaintiff.
*Fletcher* and *Cushman*, for defendant.